## HODGKIN VS. HOLLAND, Collector.

1. COLLECTOR OF REVENUE: *His bond, measure of.*
 The bond of a collector of taxes must be for double the aggregate amount of taxes on the tax books, exclusive of the probable liquor and other licenses that may be issued by the county clerk.

2. SAME: *Affidavit of sureties, requisites.*
 The affidavit of the sureties on a collector's bond need not give a description of their property, but only its amount and value. That the affidavits of some of the sureties are not made until after the bond is approved by the county judge and filed in the clerk's office, is no reason that the circuit court should not approve it.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELLS, Circuit Judge.

. *Valentine*, for appellant.

*Rose, contra.*

HARRISON, J. E. G. Hodgkin, a citizen and taxpayer of Chicot county, at the January term of the circuit court of said county, filed objections to the sufficiency of the bond of Samuel H. Holland, as collector of taxes, offered for approval.

The bond, which had been approved by the county judge, was in the sum of $85,000; and the aggregate value of the property, real and personal, of the sureties, as sworn to by them, was $115,000.

The objections were:

First—That the penalty of the bond was too small.

Second—That the affidavits of E. P. Osterhout, and six other named sureties, did not sufficiently describe their property.

Third—That the affidavit of James F. Robinson, another

surety, was made by him after approval by the county judge; and the affidavits of three others, H. W. Graves, James Brown and W. E. Graves, after the bond had been filed.

Fourth—That L. H. Springer, Benjamin H. Smith and James Kelly were sureties in said Holland's bond, as sheriff.

And there were also other objections, but which, as they only related to and called in question the amount and value of the property of certain sureties, need not be stated.

The objections were not sworn to.

The court, after hearing evidence, approved the bond.

Hodgkin took a bill of exceptions, and appealed.

The statute requires the bond of the collector to be in double the aggregate amount of all the taxes to be collected.

The proof showed the amount of all taxes on the tax book to be $40,273.

In this amount was not included peddlers', retail liquor dealers', ferry and other licenses, with which when issued, the collector would be charged.

It is insisted by the appellant that these should have been added.

It is made the duty of the county clerk, from time to time, to issue blank licenses and deliver them to the collector, and to charge him with them; and the collector is required to make settlement with the county court, at every term, concerning them, and is to be credited with all returned by him.

It is apparent that, at the time he gives the bond, the amount with which he shall be charged during the year can not be ascertained. It was proven that the amount

received for licenses the preceding year was $7,140, and this, it is contended, should have been taken as an estimate for the current year. But the statute says nothing about an estimate—it speaks of a certain and definite amount readily ascertainable; and it is clear to our mind it is the aggregate amount of taxes on the tax book that is meant. *Idem est non esse et non apparere.* The penalty of the bond was therefore large enough.

The act of March 1, 1875, which devolves upon the circuit court the duty of approving the bonds of county and township officers, does not require a schedule of the property of the surety, or any more particular description of it in his affidavit, than a statement of the amount of his real estate and its value, and the amount of his personal property and its value.

The affidavits. to which exceptions were taken, were substantially alike. That of E. J. Osterhout was as follows:

" STATE OF ARKANSAS, }
County of Chicot. }

" E. J. Osterhout says he is a resident of Chicot county, Arkansas; that he is worth $3,000 in personal property, situate in said county, subject to execution, over and above all his debts, liabilities and exemptions under existing laws, and that said personal property consists of a stock of merchandise worth $3,000.

"E. J. OSTERHOUT.

" Sworn to before me, this twenty-ninth day of November, 1878.

" CHARLES CARTER, J. P."

The affidavits were sufficient.

Nor does it matter that some of them were made after the approval of the bond by the county judge, or some after it was filed, which latter fact, however, was not proven.

The approval by the county judge was provisional only, and the proceeding in the circuit court was without respect to it; and we can not conceive what probable, or possible, prejudice could be caused by the affidavits being made after the county judge's approval, or the filing in the clerk's office.

We said in *Hyner v. Dickinson, 32 Ark., 776*, that it was no ground for rejecting the bond, if otherwise shown to be sufficient, that the affidavits were not in accordance with the statute, but such as met its requirement should be directed to be filed; and, to avoid misapprehension, we remark, they should be made before the approval of the bond; and that unless affidavits as the law requires are made, the court acquires no jurisdiction of the matter. *Sec. 6, Act of March 1, 1875.*

The fact that some of the sureties were also sureties in Holland's bond as sheriff, did not affect their competency, though tending to lessen the security, which was no doubt considered by the court.

There appears to have been no want of evidence to sustain the action of the court in approving the bond. Evidence *aliunde* the affidavits as to the sufficiency of the bond, as well as in support of the objections, was heard.

Affirmed.